# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**KENNETH AGUILAR,**

    Petitioner,

v.                                                                                                                                   No. 17-cv-1264 JCH/SMV

**VICTOR RODRIGUEZ,**
**ROBERT B. CORIZ, and KEWA PUEBLO,**

    Respondents.[1]

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Petitioner Kenneth Aguilar's Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 [Doc. 1], filed on December 27, 2017. Respondent Rodriguez answered on February 6, 2018. [Doc. 7]. Respondent Coriz answered on February 9, 2018. [Doc. 9]. Petitioner filed no reply. The Honorable Judith C. Herrera, United States District Judge, referred this matter to me for analysis and a recommended disposition. [Doc. 3]. Having considered the parties' submissions, the record, and the relevant law, and being otherwise fully advised in the premises, I find that Plaintiff failed to exhaust his tribal court remedies, and therefore, his Petition should be dismissed.

## Background

Petitioner is an enrolled member of the Pueblo of Kewa (also known as the Pueblo of Santo Domingo), a federally recognized Indian Tribe in New Mexico. [Doc. 1] at 3. On December 6, 2017, he was convicted in the Pueblo of Santo Domingo Tribal Court of two counts

---

[1] Kewa Pueblo has been dismissed from this action. [Doc. 5].

of fraud, two counts of larceny, and two counts of conspiracy. [Doc. 1] at 1, [Doc. 1-1] at 1. The Tribal Court imposed a total sentence of 2,160 days' incarceration, along with $20,000 in restitution and $700 in fines. [Doc. 1] at 6, [Doc. 1-1] at 1.

Petitioner argues that several aspects of his trial, conviction, and sentence violate the Indian Civil Right Act and, therefore, he is entitled to a writ of habeas corpus pursuant to 25 U.S.C. § 1303. [Doc. 1]. Among other defenses, Defendant Coriz argues that Petitioner failed to exhaust his tribal remedies and further argues that the Petition should be dismissed.

## The Exhaustion Requirement

The doctrine of tribal exhaustion is a judicially created rule established by the United States Supreme Court in *Nat'l Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845 (1985), and expanded in *Iowa Mut. Ins. Co. v. LaPlant*, 480 U.S. 9 (1987). Under the doctrine, a federal court should, as a matter of comity, require the parties to a lawsuit that implicates tribal interests to first exhaust their remedies in tribal court before pursuing an action in federal court. *Keer-McGee Corp. v. Farley*, 115 F.3d 1498, 1507 (10th Cir. 1997). Tribal courts play a vital role in tribal self-government, and respect for that role requires that examination of tribal issues be conducted first by the tribal court, itself. *Reservation Tel. Co-op. v. Affiliated Tribes*, 76 F.3d 181, 184 (8th Cir. 1996). Absent exceptional circumstances, federal courts are to abstain from hearing cases that challenge tribal court authority until tribal remedies, including tribal appellate review, are exhausted. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1149 (10th Cir. 2011).

This requirement for exhaustion applies to habeas petitions brought pursuant to § 1303. *Valenzuela v. Silversmith*, 699 F.3d 1199, 1205–06 (10th Cir. 2012). "In order to satisfy the exhaustion requirement, a criminal defendant must pursue a direct appeal or show that such an appeal would have been futile." *Alvarez v. Lopez*, 835 F.3d 1024, 1027 (9th Cir. 2016). "[T]he aggrieved party must have actually sought a tribal remedy, not merely have alleged its futility." *White v. Pueblo of San Juan*, 728 F.2d 1307, 1312 (10th Cir. 1984). "It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Valenzuela*, 699 F.3d at 1207 (alterations omitted) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

## Analysis

In this case, Petitioner concedes that he signed a form entitled "Advisement of Rights Order," on which he explicitly acknowledged, "I understand that I may appeal my conviction, but I must do so within 7 days of my conviction." [Doc. 1-3] at 1; [Doc. 1] at 7. There is no dispute that Petitioner did not attempt to appeal. Despite the signed acknowledgement of the appeal deadline, Petitioner asserts that he "knows of no available remedy from the Tribal Courts." [Doc. 1] at 7. He argues that he was incarcerated and without counsel during the appeal period. *Id.* He argues that "there is no appeal procedure provided in the tribal court's traditional law and process. Instead, the Tribal Council reviews the decisions of the Governor, as needed." *Id.* It is undisputed that there is no written tribal code. [Doc. 1] at 7, [Doc. 9] at 5. But, is also undisputed that the Tribal Council reviews the decisions of the Governor. *Id.*

Under these circumstances, Petitioner argues that "efforts to engage the sovereign action or response of the Tribal Court are futile." *Id.* Defendant Coriz sees it differently. Defendant Coriz argues that the Petitioner knew that he had seven days to appeal his conviction, but he made no attempt to do so, and thus, the Petition should be dismissed for lack of exhaustion. [Doc. 9] at 8–9. I agree with Defendant Coriz.

Petitioner was aware that he had seven days to appeal his conviction. He admits that the Tribal Council reviews decisions of the Governor. He admits that he made no attempt to appeal. Petitioner's assertion that he himself knew of no available remedy is belied by his signed statement that he knew he had seven days to appeal. Moreover, even if it were true that Petitioner himself knew of no available remedy and were incarcerated and pro se during the appeal period, these circumstances would not excuse his lack of exhaustion. *See Valenzuela*, 699 F.3d at 1207 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (alterations omitted). I find that Petitioner failed to exhaust his tribal court remedies. This Court should abstain from hearing Petitioner's claims. *See White v. Pueblo of San Juan*, 728 F.2d 1307, 1312 (10th Cir. 1984) ("[T]he aggrieved party must have *actually sought* a tribal remedy, not merely have alleged its futility.") (emphasis added).

**IT IS THEREFORE RECOMMENDED** that Petitioner Kenneth Aguilar's Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 [Doc. 1] be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's request for "release . . . pending further review and adjudication on the merits of the case" [Doc. 1] at 2 be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**